T.C. Summary Opinion 2016-82

UNITED STATES TAX COURT

ANDREW LEE STINSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1035-16S.                               Filed December 13, 2016.

Andrew Lee Stinson, pro se.

Olivia Hyatt Rembach, for respondent.

SUMMARY OPINION

COHEN, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  Respondent

determined a $1,848 deficiency attributable to petitioner's failure to report self-

employment tax on his earnings during 2013.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  Petitioner resided in North Carolina when he filed his petition.

Petitioner has a master's degree in information science.  For many years before and during 2013, petitioner performed computer consulting services for William Burlingame.  Burlingame's property consisted of approximately 28 acres.  Petitioner had known Burlingame for about 30 years.

After Burlingame dismissed a groundskeeper, petitioner began doing indoor and outdoor odd jobs ranging from dumping compost to editing in Photoshop.  During 2013, Burlingame paid petitioner $13,750 in nonemployee compensation.

Petitioner prepared his 2013 Federal income tax return using TurboTax and reported the compensation.  However, he did not report or pay self-employment tax on that compensation.  Respondent determined that petitioner was liable for self-employment tax.

## Discussion

The facts are undisputed in this case. The petition alleged only petitioner's dire financial circumstances and cited no error in respondent's determination. At trial petitioner stated that he was present "because I spent the $60 [filing fee] and for that amount of money I'd like to see how things work." Petitioner's candor and credible testimony are appreciated but do not change the legal effect of the facts.

Section 1401 imposes a tax on net earnings, defined in section 1402(a), derived by an individual from carrying on a trade or business. From petitioner's testimony it appears that he was performing services for Burlingame with continuity and regularity and that his primary purpose in engaging in the activities was for income or profit. Thus his activities, while varied, satisfy the generally recognized definition of a trade or business. See Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Petitioner has not suggested that he had any deductible business expenses to be offset against the reported income.

Petitioner has not claimed to be an employee rather than being self-employed. He stipulated that the payments he received from Burlingame constituted nonemployee compensation. He was not treated as an employee and

apparently performed the services without close supervision or other indicia of employee status.  Respondent's determination will be sustained.

Respondent's counsel has indicated that respondent will consider petitioner's financial situation with respect to collection of the amount due.  That issue is not before the Court in this case, however.

To reflect the foregoing,

Decision will be entered

for respondent.